J-S14035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN LEE DOSCH, | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2016 |

Appeal from the Judgment of Sentence July 29, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000115-2010,
CP-36-CR-0000485-2011, CP-36-CR-0000618-2011,
CP-36-CR-0002737-2011, CP-36-CR-0005606-2011

BEFORE:    GANTMAN, P.J., SHOGAN and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 16, 2017**

Steven Lee Dosch (Appellant) appeals from his July 29, 2016 judgment of sentence, which the revocation court imposed after revoking Appellant's parole and probation. In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition to withdraw and remand for further proceedings consistent with this memorandum.

Appellant's relevant criminal history is convoluted. Since 2011 and 2012, Appellant has been serving sentences following guilty pleas at the five above-captioned docket numbers. Appellant has violated the terms of his probation and parole multiple times, causing him to be repeatedly

_____

*Retired Senior Judge assigned to the Superior Court.

incarcerated and re-sentenced. Parole & Probation Violation Stipulations, 8/3/2011, 1/26/2012, 4/11/2012, 5/29/2013, 5/16/2014, 4/10/2015, 7/21/2015, 4/18/2016; Violation Sentencing Sheets/Violation Conditions Sentencing Orders (VSS/VCSO), 8/3/2011, 1/26/2012, 4/11/2012, 5/29/2013, 5/16/2014, 10/23/2015, 7/29/2016. The issues presented on appeal relate to Appellant's most recent violation.

On February 4, 2016, Appellant was incarcerated on a detainer after Appellant's probation officer learned Appellant left a residential treatment program without contacting her. N.T., 4/18/2016, at 3; N.T., 7/29/2016, at 23. In April 2016, Appellant stipulated that he had "violated his[] probation and/or parole." Probation/Parole Violation Stipulation, 4/18/2016. The revocation court found Appellant to be in violation of his parole and probation at all five docket numbers and ordered a pre-sentence investigation (PSI). N.T., 4/18/2016, at 18; Court Sheet, 4/18/2016.

On July 29, 2016, the revocation court revoked Appellant's parole and probation and re-sentenced Appellant. We discuss the re-sentencing based upon the type of revocation.

**Revocation of Parole at All Five Dockets:**

At docket numbers 115-2010 (count one), 485-2011 (counts one and two), 618-2011 (counts one and three[1]), 2737-2011 (count three), and

---

[1] The violation sentence sheet incorrectly lists the accident involving damage charge as count two.

5606-2011[2] (count one), the revocation court revoked Appellant's parole and re-sentenced him to the balance of the maximum term for each count. VSS/VCSO, 7/29/2016.

It credited Appellant with time served during his incarceration on the detainer beginning with February 4, 2016, explaining at the hearing that additional time credit was not warranted because the "unexpired balances"[3] reflect application of all prior time served on those dockets. *Id.*; N.T., 7/29/2016, at 23.

**Revocation of Probation at Docket Number 2737-2011:**

At docket number 2737-2011 (counts one and two), the revocation court revoked Appellant's probation and re-sentenced him to one-and-a-half to three years of incarceration. VSS/VCSO, 7/29/2016. It credited Appellant with "471 days subj[ect] to verification." *Id.* At the hearing, the revocation court specified that it was awarding Appellant all of the time credit requested by Appellant as outlined in a memorandum authored by

---

[2] The violation sentence sheet incorrectly lists the docket number as 5601-2011.

[3] It appears that the revocation court is referring to the unexpired balances listed by the probation officer in the PSI. The probation officer calculated that 310 days remained on each of the following counts: count one of 115-2010, counts one and two of 485-2011, and count one of 618-2011. PSI at 2. The probation officer did not include a balance for count three of 618-2011 or count three of 2737-2011. *Id.*

Appellant's counsel,[4] totaling 471 days and including the following periods: (1) November 18, 2011, to June 13, 2012; (2) April 19, 2013, to May 29, 2013; (3) April 1, 2014, to April 13, 2014; (4) March 13, 2015, to November 24, 2015; and (5) February 4, 2016, to present. N.T., 7/29/2016, at 24-25.

**Revocation of Probation at Docket Number 5606-2011:**

At docket number 5606-2011 (count one), the revocation court revoked Appellant's probation previously imposed as a split sentence of incarceration and probation and re-sentenced Appellant to two-and-a-half to five years of incarceration. VSS/VCSO, 7/29/2016. During the sentencing hearing, the revocation court stated that it was awarding Appellant credit for his time spent incarcerated on the detainer since February 4, 2016, noting that it also was terminating the parole portion of Appellant's sentence as of February 4, 2016, notwithstanding 62 days remaining on his parole. N.T., 7/29/2016, at 26-27. It declined, however, to award Appellant credit on the probationary tail of the split sentence for any other period of incarceration stating that all previously-served time was credited already towards the parole portion of the sentence. *Id.* at 23-27. However, the violation

---

[4] Revocation counsel requested that his time-credit memorandum be entered into the record to reflect an official tally of Appellant's previously served time and noted that the probation office had not disputed the dates. The revocation court told counsel to file the memorandum with the prothonotary, which counsel evidently did. No objection was made by the Commonwealth. *See* N.T., 7/29/2016, at 28.

sentencing sheet indicates that the revocation court did not award any time credit with respect to docket number 5606-2011. VSS/VCSO, 7/29/2016.

Following his re-sentencing, Appellant timely filed a notice of appeal.[5]

Before we consider the substance of this appeal, we must address counsel's compliance with **Anders**.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[5] The revocation court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). Counsel complied by filing a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating his intent to file an **Anders/McClendon** brief. Citing **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008), wherein this Court stated that a trial court opinion is not necessary following a Rule 1925(c)(4) statement, the revocation court declined to file an opinion pursuant to Pa.R.A.P. 1925(a).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

> Our Supreme Court has clarified portions of the *Anders* procedure:
>
> Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's application to withdraw and *Anders* brief, we conclude that counsel has complied substantially with the above technical requirements.[6]  Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

Counsel raises the following two issues that might arguably support an appeal: (1) a challenge to the discretionary aspects of Appellant's sentence following the revocation of his probation and (2) whether the revocation

---

[6] Appellant has not responded to counsel's application to withdraw.

court failed properly to credit Appellant with time previously spent incarcerated.[7]

**Issue One: Discretionary Aspects of Sentence**

Regarding the discretionary aspects of his sentence, "it is within our scope of review to consider [this issue] in an appeal following a revocation of probation." **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006).  We observe the following.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine:  (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code....  [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

---

[7] We discern these issues from the body of the argument of counsel's brief, as counsel's statement of questions involved pursuant to Pa.R.A.P. 2116(a) focuses solely on whether counsel should be granted leave to withdraw due to frivolity of the issues.  **Anders** Brief at 7.  We remind counsel that the issue of his withdrawal is a question reserved for the petition to withdraw, whereas the **Anders** brief must focus on any "issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof."  **Wrecks**, 931 A.2d at 720-21.

Instantly, Appellant has satisfied the first requirement by timely filing a notice of appeal. To satisfy the second requirement regarding preservation, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013).

Appellant did not raise any objections at the sentencing hearing or file a motion to modify the sentence imposed. *See* N.T., 7/29/2016. Therefore, Appellant has not preserved this issue, and it is waived. An issue that is waived is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Consequently, we agree with counsel that any challenge to the discretionary aspects of Appellant's sentence upon the revocation of his probation is wholly frivolous.

**Issue Two: Time Credit**

We next consider whether Appellant was properly awarded time credit and bear in in mind the following. "A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009).

> As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of

a sentence are questions of law[.]  As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The governing statute provides the following.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760.

Counsel's ***Anders*** brief addresses time credit awarded following the revocation of probation at two docket numbers.  We discuss each docket number separately.

**Docket Number 2737-2011:**

With respect to the revocation of probation at docket number 2737-2011, appellate counsel contends that the revocation court granted all of the time credit requested by Appellant in the memorandum authored by Appellant's revocation counsel.  ***Anders*** Brief at 14.  ***See*** N.T., 7/29/2016, at 25 ("[The revocation court will] award the time credit that [revocation counsel] outline[d] in his memo."). However, our review of additional statements made by the revocation court and the violation sentencing sheet reveals that while awarding all the requested time credit may have been the

revocation court's intent, it was not the result achieved. In the time-credit memorandum, Appellant requested time credit for "471 days plus time since 2/4/2016." Time-Credit Memorandum at 2. Although the revocation court stated it was including specifically the period from February 4, 2016, onwards, the revocation court gave Appellant credit for 471 days only. N.T., 7/29/2016, at 25. *See also* VSS/VCSO at 1. Additionally, Appellant requested time credit for the period between April 1, 2014, and **August** 13, 2014. *Id.* However, when listing the specific dates for which the revocation court intended to give Appellant credit, the court listed April 1, 2014, to **April** 13, 2014, a difference of 122 days. *See* N.T., 7/29/2016, at 25. The revocation court did not acknowledge this discrepancy; so it is unclear whether this omission was intentional or in error.

Most significantly, neither the dates listed by Appellant in the time-credit memorandum nor the dates listed by the revocation court on the record add up to 471. The sum of all of the dates from 2012 to 2015 listed in the time-credit memorandum total 638. *See* Time-Credit Memorandum, at 2. The time period between February 4, 2016 and the sentencing hearing consisted of 176 days. Thus, according to the time-credit memorandum, the total days Appellant spent incarcerated prior to his 2016 sentencing totaled 814, whereas the sum of the dates listed by the revocation court on the record totaled only 692. *See* N.T., 7/29/2016, at 25.

Upon a revocation of probation, revocation courts must award credit for time served prior to the original sentencing and re-sentencing so long as the probationer has never received credit for this time before. **_See Commonwealth v. Johnson_**, 967 A.2d 1001 (Pa. Super. 2009). Thus, we cannot agree with counsel that a challenge to the time credit awarded to Appellant is so clearly devoid of merit to warrant classifying this appeal as frivolous. From our review, it appears that counsel is able to put forward a good-faith argument that Appellant has not received proper time credit at docket number 2737-2011 and is serving an illegal sentence.

**Docket Number 5606-2011**

With respect to docket number 5606-2011, Appellant's split sentence, we observe the following. "The operative rule … is that a defendant should receive credit only once for time served before sentencing." **_Commonwealth v. Merigris_**, 681 A.2d 194, 195 (Pa. Super. 1996). When probation is revoked on a split sentence, "a defendant [is not] automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum." **_Commonwealth v. Crump_**, 995 A.2d 1280, 1284 (Pa. Super. 2010). Appellant acknowledges the statutory maximum sentence for his criminal trespass conviction, graded as a felony of the second degree, is ten years' incarceration. **_Anders_** Brief at 16. Accordingly, even if the revocation court

- 11 -

gave Appellant credit for all 814 days, the addition of his two-and-a-half-to-five-year revocation sentence would result only in a total of almost seven and half years of incarceration, still below the statutory maximum.

However, despite stating that it was awarding Appellant time credit for his time spent incarcerated on the detainer since February 4, 2016, **see** N.T., 7/29/2016, at 26-27, the revocation court did not credit Appellant for any time in its sentencing order. **See** VSS/VCSO, 7/29/2016. Since the revocation court terminated the parole portion of the split sentence as of the date of Appellant's incarceration on the detainer, leaving Appellant to be incarcerated prior to sentencing on a probation detainer only, we conclude, once again, that a challenge to the time credit awarded to Appellant is not so clearly devoid of merit to warrant classifying this appeal as frivolous.

**Conclusion**

In light of the foregoing, we deny counsel's motion for leave to withdraw and remand the case for counsel to file an advocate's brief within 60 days addressing the credit time issues identified above. The Commonwealth may file a brief in response 30 days thereafter.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.