681 A.2d 194

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph Michael MERIGRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 1, 1996.

Filed Aug. 1, 1996.

Paul R. Kramer, Jr., Stroudsburg, for appellant.

Mark P. Pazuhanich, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before CAVANAUGH, J., CIRILLO, President Judge Emeritus, and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Joseph Merigris appeals the order of the Monroe County Court of Common Pleas denying his motion to modify his sentence to reflect 302 days credit for time served. We affirm.

On December 23, 1992, Merigris was arrested for burglary. The next day, the United States lodged a detainer against Merigris on an unrelated charge. Subsequently, the Commonwealth also charged Merigris with possession and sale of cocaine for events that occurred on November 24, 1992.[1] Merigris pled guilty to the federal matter and was sentenced to 46 months imprisonment by the United States Court for the

---

1. 35 P.S. § 780–113(a)(30).

Middle District of Pennsylvania on August 20, 1993. The District Court credited Merigris for time served at the Monroe County Correctional Facility as a result of the detainer commencing from December 24, 1992. On October 21, 1993, the Court of Common Pleas for Monroe County sentenced Merigris to imprisonment for three to ten years on the burglary charge to run *consecutive* to the federal sentence and for one to two years on the drug charge to run concurrent with the burglary sentence. The trial court gave Merigris credit for two months and five days served on the state charges.

On appeal, Merigris raises one issue:

May the sentencing court deny credit for a period of incarceration spent under federal detainer because the federal court gave credit for the same period of imprisonment?

A court must give credit "for all time spent in custody as a result of the criminal charge for which a sentence is imposed as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. § 9760(1). This court has explained that the principle behind statutory credit is that the defendant should be given credit for time spent in custody before being sentenced for a given offense. *Commonwealth v. Shaw*, 379 Pa.Super. 491, 499, 550 A.2d 555, 559 (1988), *allocatur denied*, 524 Pa. 607, 569 A.2d 1366 (1989).

Merigris relies on our opinions in *Commonwealth v. Frank*, 263 Pa.Super. 452, 398 A.2d 663 (1979) and in *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723 (1992), to support his argument that he should receive credit for time served toward both the federal and the state sentences. Both opinions, however, interpret 42 Pa.C.S.A. § 9760(4) as barring a defendant from receiving credit against more than one sentence for the same time served. Section 9760(4) provides:

If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody

under the former charge *that has not been credited against another sentence.*

42 Pa.C.S.A. § 9760(4) (emphasis added).

In *Frank,* the defendant was convicted of a series of crimes committed in Lancaster and Chester counties arising from a single criminal episode. That defendant was tried and convicted first in Lancaster County and then in Chester County. The *Frank* court stated:

> [C]redit against his Lancaster sentence must be given from the date of his initial incarceration ... It should be noted that this calculation will not allow appellant double credit for the time he served prior to his sentencing in Lancaster County. Once credit is given against his Lancaster County sentence under 18 Pa.C.S.A. § 1360(4), the time appellant has served in custody is no longer "a result of" the charges that arose in Chester County within the meaning of subsection (1) of that provision, and thus cannot be credited against the sentence received there.

*Frank,* 263 Pa.Super. at 476 n. 10, 398 A.2d at 675 n. 10.[2] In *Hollawell, supra,* this court applied the reasoning of the *Frank* court to a defendant who had been tried and convicted separately for charges arising from two unrelated criminal incidents. As in the instant case, the defendant in *Hollawell* argued that he should receive credit for the same period of pre-sentencing incarceration against both sentences. In rejecting this claim, the court stated: "[t]he absurdity of appellant's case is clear. Following his reasoning, appellant would receive a windfall in sentencing for a completely unrelated crime. This court does not deal in 'volume discounts.' " *Hollawell,* 413 Pa.Super. at 48, 604 A.2d at 726.

The operative rule, both in *Frank* and in *Hollawell,* is that a defendant should receive credit only once for time served before sentencing. Applying this court's rationale in *Frank,* we hold that once the federal court credited Merigris for time incarcerated as a result of the federal detainer, appellant's

---

**2.** 18 Pa.C.S.A. § 1360(4) was transferred to 42 Pa.C.S.A. § 9760(4) by § 401(a) of Act 1980, Oct. 5, P.L. 693, No. 142.

time in custody at the Monroe County Correctional Facility was no longer "a result of" the charges brought by the Commonwealth. *Frank,* 263 Pa.Super. at 475, 398 A.2d at 675. Therefore, Merigris' motion to modify his sentence to reflect time served was properly denied.

The order of the trial court is affirmed.