J-S73033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN THOMAS TAYLOR | |
| Appellant | No. 423 WDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002564-2015

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 25, 2016**

John Thomas Taylor ("Appellant") appeals from the judgment of sentence entered in the Erie County Court of Common Pleas following his guilty plea to unlawful restraint[1] and recklessly endangering another person ("REAP").[2]  After careful review, we affirm.

On August 18, 2015, Appellant was incarcerated in lieu of bond at Docket No. CP-25-CR-0002564-2015, the instant matter.  Also on August 18, 2015, a probation detainer was lodged against Appellant on a prior matter at Docket No. CP-25-CR-0001351-2014.

_____

[1] 18 Pa.C.S. § 2902.

[2] 18 Pa.C.S. § 2705.

Appellant remained incarcerated and, on January 4, 2016, entered a guilty plea to unlawful restraint and REAP in the instant matter. On March 2, 2016, the trial court sentenced Appellant to 6 to 23½ months' incarceration on the unlawful restraint conviction and 2 years' probation on the REAP conviction. At sentencing, the trial court credited Appellant's continued incarceration as follows: August 18, 2015 through November 28, 2015[3] toward the sentence at Docket No. CP-25-CR-0001351-2014, and November 29, 2015 through January 4, 2016 toward the sentence in the instant matter.

Appellant raises the following claim for our review:

Whether [] Appellant's sentence is illegal as the trial court changed, modified or increased the conditions of the sentence for which [] Appellant was detained without the benefit of a [p]robation [r]evocation [h]earing and denied [] Appellant credit on his current sentence[?]

Appellant's Brief, p. 4.

An allegation that a trial court failed to credit time in custody goes to the legality of the sentence. *Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa.Super.2005); *see also Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa.Super.1992) ("where an appellant challenges the *trial court's* failure to award credit for time served prior to sentencing, the claim involves the *legality* of sentence." (emphasis in original)). "A claim challenging the

---

[3] Appellant's detainer at Docket No. CP-25-CR-0001351-2014 was not revoked and his sentence expired on November 28, 2015.

legality of sentence is appealable as of right." ***Hollawell***, 604 A.2d at 725;

***Clark***, 885 A.2d at 1032. Our scope and standard of review for illegal

sentence claims is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001-1002 (Pa.Super.2006)

(internal citations omitted).

The Crimes Code provides, in relevant part:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> *****
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge **that has not been credited against another sentence**.

42 Pa.C.S. § 9760 (emphasis provided).

"Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement **must be credited** to either the new sentence or the original sentence." *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa.Super.2008) (quoting *Martin v. Pa. Bd. of Probation & Parole,* 840 A.2d 299, 309 (Pa.2003)) (emphasis in original). However, once a court credits time spent in custody toward one offense, that time is no longer "a result of" other charges and cannot form a basis of a further credit for separate sentences. *See Hollawell*, 604 A.2d at 726. As this Court has explained, a defendant is not entitled to double credit:

> The absurdity of appellant's case is clear. Following his reasoning, appellant would receive a windfall in sentencing for a completely unrelated crime. This court does not deal in "volume discounts." The operative rule . . . is that a defendant should receive credit only once for time served before sentencing.

*Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa.Super.1996) (quoting *Hollawell*, 604 A.2d at 726); *see also Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa.Super.2014) (noting that duplicative imposition of credit for time served constitutes a patent and obvious sentencing mistake).

Here, Appellant received credit for the entire period of his incarceration. The trial court credited the period of incarceration from August 18, 2015 through November 28, 2015 toward the sentence at Docket No. CP-25-CR-0001351-2014, and the period of November 29, 2015 through

January 4, 2016 toward the sentence in the instant matter. As the trial court explained,

> It is uncontroverted Appellant received credit at Docket Number 1351 of 2014 for [the] time period [from August 18, 2015 through November 28, 2015,] which allowed that sentence to max out. Appellant is not entitled to duplicate credit. Hence, Appellant is not entitled to credit from August 18, 2015 to November 28, 2015 in this case.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed March 30, 2016, p. 4 (footnote and internal citation omitted). We agree with the Commonwealth and the trial court that Appellant properly received all credit due. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016