J-S68014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH JOHN HOLLAND | : | |
| | : | |
| Appellant | : | No. 78 MDA 2017 |

Appeal from the Judgment of Sentence November 21, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001333-2015,
CP-40-CR-0004385-2015, CP-40-CR-0004400-2015,
CP-40-CR-0004412-2015

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 16, 2017**

Joseph John Holland appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County.  We vacate and remand for resentencing.

Holland entered guilty pleas to one count of theft by deception[1] (Docket 4385 of 2015), and two counts of retail theft[2] (Docket 4400 of 2015 and Docket 4412 of 2015).  At his November 21, 2016 sentencing hearing, the court noted that Holland had a pending revocation of probation on one count of retail theft (Docket 1333 of 2015), for which he had been sentenced the

_____

[1] 18 Pa.C.S. § 3922(a)(1).

[2] 18 Pa.C.S. § 3929(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

previous month to 24 months' probation. Holland admitted to the probation violation, waived his *Gagnon I*[3] hearing, and was resentenced on Docket 1333 of 2015 to 12-24 months' incarceration. On each of the three cases, Dockets 4385 of 2015, 4400 of 2015, and 4412 of 2015, the court sentenced Holland to 9-24 months' incarceration, to be served concurrently to one another and concurrently with the sentence on Docket 1333 of 2015, for an aggregate sentence of 12-24 months' incarceration.[4]

Holland filed a motion for reconsideration, which the court denied. Holland filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He raises the following claim on appeal: Whether the court imposed an illegal sentence by failing to give Holland credit for time served prior to sentencing?

A challenge to the court's failure to give credit for time served implicates the legality of sentence. *Commonwealth v. Davis*, 852 A.2d 392, 399-400 (Pa. Super. 2004). Section 9760(1) of the Sentencing Code provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court **shall** give credit as follows:

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] The court stated on the record that Holland was "eligible for a RRRI [Recidivism Risk Reduction Incentive] minimum for the aggregate sentence of 12 months, the RRRI minimum is 9-month RRRI minimum." N.T. Sentencing, 11/21/16, at 9. *See* 61 Pa.C.S.§ 4501 *et seq*.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. **Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal**.

42 Pa.C.S. § 9760(1) (emphasis added). "The principle underlying section 9760 is that a defendant should be given credit for time spent in custody *prior to sentencing for a particular offense*." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted; emphasis added). However, a defendant cannot get double credit. ***See Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014); ***see also Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa. Super. 1996) (defendant not entitled to "receive credit against more than one sentence for the same time served.").

The trial court notes in its Rule 1925(a) opinion that while Holland's Rule 1925(b) statement alleges the court failed to award credit for time served, it does not suggest a specific period of credit, nor does it point to that portion of the record where defense counsel indicated what amount of credit Holland was due.[5] The court, therefore, set forth the following summary, included in

---

[5] The court, acknowledging this issue was a question of legality, noted that "the fact remains that the indefinite allegation of error raised by [Holland's] 1925(b) statement prevents this court from offering a meaningful response in this Opinion." Trial Court Opinion, at 3 n.3.

the presentence investigation dated November 3, 2016,[6] as prepared by the Luzerne County Department of Adult Probation and Parole:

| DOCKET | DATES SERVED | CREDIT |
|---|---|---|
| **4385 of 2015** | *9/15/16-9/28/16* | *14 days* |
| | 6/5/16-6/7/16 | 3 days |
| **4400 of 2015** | 6/6/16-6/7/16 | 2 days |
| | *9/16/16-9/28/16* | *13 days* |
| **4412 of 2015** | **10/24/15-12/2/15** | **40 days** |
| | **6/5/16-6/7/16** | **3 days** |
| | *9/15/16-9/28/16* | *14 days* |

Trial Court Opinion, 6/27/17, at 3 (emphasis added). The Commonwealth, in its brief, has set forth the same summary, and Holland's brief concurs with this summary as well. **See** Commonwealth's Brief, at 3; Appellant's Brief, at 5.

Holland began serving his sentence on 9/29/16. The Commonwealth states that Holland received credit from 9/15/16 to 9/28/16 (dates/days in italics above) on a sentence from a magisterial district judge. The Commonwealth acknowledges that, without providing double credit,[7] Holland is entitled to an additional 43 days credit toward his sentence (dates/days in

---

[6] We note that this summary has not been included in the certified record on appeal. However, as noted **infra**, Holland, the Commonwealth and the trial court agree that the summary accurately reflects the dockets and dates served.

[7] **See Ellsworth**, **supra**; **Merigris**, **supra**.

bold above). We agree and, therefore, vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017