J-A30024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JOSHUA CAIN ABEL,   :
  :
Appellant.   :   No. 283 WDA 2018

Appeal from the Judgment of Sentence, November 13, 2017,
in the Court of Common Pleas of Greene County,
Criminal Division at No(s): CP-30-CR-0000043-2017.

BEFORE: SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:      **FILED MARCH 20, 2019**

Joshua Cain Abel appeals from the judgment of sentence imposed in

Greene County after entering guilty pleas to robbery, criminal attempt to

commit robbery, three counts of terroristic threats, three counts of simple

assault, and theft by unlawful taking.[1]  Abel requests the application of credit

for time served.  After careful review, we vacate and remand with instructions.

The relevant facts and procedural history, as gleaned from the certified

record, are as follows.  Following a series of robberies, spreading over three

Pennsylvania counties, authorities arrested Abel in West Virginia on February

4, 2016.  Abel also faced criminal charges in West Virginia.  On February 5,

2016, Trooper William Brown of the Pennsylvania State Police, charged Abel

with robbery and other related offenses committed at Gabler's Drug Store

---

[1] 18 Pa.C.S.A §§ 3701(a)(1)(ii), 901, 2706, 2701, and 3921.

---

*   Retired Senior Judge assigned to the Superior Court.

located in Greene County, Pennsylvania. Although Abel was also facing prosecutions for similar robberies in Westmoreland and Fayette Counties, West Virginia held Abel on a Greene County detainer.

The West Virginia court imposed a "time served" sentence on the West Virginia conviction on or about December 21, 2016, thereby making Abel available to Pennsylvania pursuant to his waiver of extradition.[2] Abel was brought to Pennsylvania on January 13, 2017. On June 5, 2017, the Fayette County court accepted Abel's guilty plea and sentenced him to two to four years' incarceration concurrent to his West Virginia sentence. Then, on August 3, 2017, the Westmoreland County court imposed a concurrent sentence of two to four years' incarceration, after Abel plead guilty to charges related to another pharmacy robbery. The certified record does not establish that Abel received any credit for time served as to any of his sentences.

Abel pled guilty to charges in the current case in Greene County on August 25, 2017. The court ordered a pre-sentence investigation prior to sentencing. The trial court then went over the applicable sentencing guidelines and the pre-sentence report was admitted into evidence.[3] The court

---

[2] As shall be shown **infra**, the certified record contains very little information regarding the various sentences imposed on Abel. Abel relies upon his reproduced record, while the Commonwealth relies upon information in the pre-sentence report. The pre-sentence report is silent as to any time credit Abel had previously received.

[3] The District Attorney told the trial court that the person who "basically put together all the essential information for the Court," was not present, but

then heard testimony from Abel and his mother, as well as counsel for Abel and the Commonwealth. Ultimately, the trial court sentenced Abel to four to eight years' incarceration that were to run concurrent with any previously imposed sentence, with credit for time served from December 21, 2016 to June 5, 2017.

Abel filed a motion for reconsideration of sentence, which the trial court denied following a hearing. Abel filed a timely *pro se* notice of appeal, and the trial court subsequently appointed current counsel. Both Abel and the trial court have complied with Pa.R.A.P. 1925.

Abel presents the following issues for our consideration:

> Did the sentencing court err in failing to credit [Abel] for all time committed for the offense for which he was charged, including time awaiting extradition from out of state
>
> > and/or
>
> Should the Superior Court remand the matter to the sentencing court for findings and recalculation such that the [sentencing court's] calculation for time served may be properly reviewed?

Abel's Brief at 10. We will address these claims together.

A claim based upon the failure to credit time served is a challenge to the legality of the sentence. ***Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa.

---

rather, a different member of the staff was present. ***Id.*** at 9. Defense counsel also informed the trial court that Abel has been in custody continuously from the date he was first arrested in West Virginia on February 4, 2016, approximately twenty-one months.

Super. 2014).  Issues relating to the legality of a sentence are questions of law, and as such, our standard of review is *de novo* and our scope of review is plenary.  ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa. Super. 2013).

Concerning credit for time served, the Pennsylvania Sentencing Code provides in relevant part as follows:

### § 9760. Credit for time Served

The court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

*** 

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1) and (4).

Generally, a defendant is entitled to receive full credit for time spent in custody on a criminal charge. 42 Pa.C.S.A. § 9760(1). However, "The operative rule ... is that a defendant should receive credit only once for time served before sentencing." ***Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa. Super. 1996).

Abel admits he received credit for the period between December 21, 2016, and June 5, 2017, but contends that "the record does not clearly reflect how the [trial court] calculated the credit for time served[.]" Abel's Brief at 14. According to Abel:

> The trial court did not allow [Abel] credit from the time of his arrest in February 2016 in West Virginia on an arrest [warrant] prior to requisition and waiver of extradition through the date of sentencing on November 11, 2017, when [Abel] was sentenced concurrently to other sentences. The Court without explanation allowed only credit for the period December 21, 2016 to June 5, 2017. The matter should be remanded to the trial court to credit [Abel] all time from February, 2016.

Abel's Brief at 17.

Our review of the record does not settle this discrepancy. The only evidence of record regarding the issue of credit for time served is as follows:

> [DISTRICT ATTORNEY]: So, I think -- I think from the pre-sentence investigation, and from the impression that was given to counsel, there was some indication that he was still serving [the West Virginia] sentence. My understanding is that there is no detainer [for] him. The pre-sentence says he received a one to four-year term of incarceration, but the Court is familiar with West Virginia's sentences - -
>
> THE COURT: It's odd compared to ours.
>
> [DISTRICT ATTORNEY]: So, when he came here, he did not come via interstate detainer, he basically waived extradition and they gave him to us. So, I don't have any indication that he is still serving that sentence. So, the - - and the reason why that's important is because we don't believe he received credit for some of the time that he was in Pennsylvania because Westmoreland County did not give

him credit, and Fayette County did not give him credit, because Greene County brought him back - -

THE COURT: Okay. I could see how that could happen.

[DISTRICT ATTORNEY]: Okay. And then, he was sentenced in Fayette and then he was sentenced in Westmoreland, and they gave him credit for certain time, but not for all the time.

THE COURT: Okay.

[DISTRICT ATTORNEY]: There's a chunk of time for which he did not receive credit, it appears, from December 21, 2016 to June 5, 2017, which is when he was sentenced in Fayette County at 101 of 2017.

THE COURT: Okay.

[DISTRICT ATTORNEY]: And, the Court will note from the pre-sentence [report], he was sentenced in Westmoreland County on August 3, 2017.

THE COURT: Okay.

[DISTRICT ATTORNEY]: So, on June 5th, Fayette County gave him a two to four, and then, I guess it's a partially concurrent - -

THE COURT: June 5th - - and his plea here was August, right?

[DISTRICT ATTORNEY]: His plea here was in August.

THE COURT: Okay.

[DISTRICT ATTORNEY]: So, - -

THE COURT: June 5th - - okay. Go ahead.

[DISTRICT ATTORNEY]: June 5th they sentenced him and then he was sentenced subsequently concurrent as of August 3rd in Westmoreland. So, right now - -

THE COURT: Well, wait. What happened on June 5th then?

[DISTRICT ATTORNEY]: June 5th he was sentenced in Fayette County - -

THE COURT: Oh, Fayette?

[DISTRICT ATTORNEY]: - - two to four. And then, August 3rd, sentenced concurrent as of that date, and counsel can correct me if I'm incorrect, two to four. So, it's - -

THE COURT: In Westmoreland?

[DISTRICT ATTORNEY]: - - yeah. So, it's overlapping, concurrent.

THE COURT: Okay.

[DISTRICT ATTORNEY]: So, - - but the only credit - - the only credit for which he has not received credit, which he is due by this Court today is for that period of time.

N.T., 11/13/17, at 3-6.

The District Attorney then discussed a small amount of restitution owed by Abel. The trial court then attempted to calculate the appropriate amount of credit to which Abel was entitled:

THE COURT: Okay. Just one second. May - - so, - - like - -

[DISTRICT ATTORNEY]: Oh, you want the dates? I mean - -

THE COURT: No. I'm just kind of - -

[DISTRICT ATTORNEY]: - - the numbers?

THE COURT: - - trying to - - so, it's something like five months, sixteen days?

[DEFENSE COUNSEL]: That sounds about right, Your Honor.

\*\*\*

THE COURT: And, you said - - so, that's two to four from June 5th, and there's a two to four from August 3rd, and - -

[DISTRICT ATTORNEY]: So, its partially concurrent - -

THE COURT: - - West Virginia has that indeterminate sentence, or however they do that.

[DISTRICT ATTORNEY]: Which - - my understanding is, I don't know that he's being - - serving that.

THE COURT: Yeah. Did you represent him in West Virginia, by any chance?

[DEFENSE COUNSEL]: No, Your Honor. And, what I - -

THE COURT: Yeah, their sentencing scheme is different.

[DEFENSE COUNSEL]: I've learned that the hard way. What I think happened was, we were under the impression because of this parole date versus discharge, you could either, you know - - he could have either done one or two, so we were under the impression that he was trying to do two to four and be discharged at two - -

THE COURT: In West Virginia?

[DEFENSE COUNSEL]: Yeah. But, what it turns out was that he actually was paroled at one. So, by the time he finally was brought here - - and your County was the first to bring him up here.

THE COURT: So, then - - so, that's why there is some - -

[DEFENSE COUNSEL]: Yes. And, the other counties didn't catch up to Greene County for several months, and that time couldn't have been taken anyways.

THE COURT: Okay.

N.T. 11/13/17, at 6-8.

The Commonwealth contends that the trial court "properly gave credit for time served that was not already credited toward another sentence." Commonwealth's Brief at 6. The record neither supports nor refutes this position, as it does not provide us with the information needed to verify whether Abel received credit, on any previous sentence, for the time from February 4, 2016 to June 16, 2016, and from June 5, 2017 to November 13, 2017. Thus, we cannot say with certainty whether Abel has been awarded credit for all time served.

Accordingly, in the interest of caution, we remand for a hearing in order to examine the award of credit for time served. Abel is not entitled to "double credit" – a duplicate award of credit for time served at the multiple dockets. *Merigris*, *supra*. Rather, we instruct the trial court to determine whether Abel has been given credit for time served from February 4, 2016 to June 16, 2016, and from June 5, 2017 to November 13, 2017, at the West Virginia, Fayette, Westmoreland, or Greene County dockets. If not, the trial court is directed to award the unaccredited time to Abel's Greene County sentence.

Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/20/2019</u>