J-S25036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| VINCENT L. ROBINSON, | : | |
| Appellant | : | No. 1638 MDA 2018 |

Appeal from the PCRA Order Entered August 31, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004903-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| VINCENT L. ROBINSON, | : | |
| Appellant | : | No. 1639 MDA 2018 |

Appeal from the PCRA Order Entered August 31, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004890-2013

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 05, 2019**

Vincent L. Robinson ("Robinson") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

J-S25036-19

We affirm.[1]

The PCRA court summarized the relevant history underlying the instant appeal as follows:

> On March 17, 2014, [] Robinson ple[]d guilty at both dockets. He was sentenced on May 1, 2014. On April 8, 2015, he filed a *pro se* Petition for [p]ost-[c]onviction [r]elief[,] and counsel, Jennifer Tobias, Esq. [("Attorney Tobias")], was appointed on April 15, 2015. A supplementary [P]etition was filed on June 1, 2015[,] and an evidentiary hearing was held on August 25, 2015. Thereafter, on September 8, 2015, the [P]etition was dismissed. [Robinson] appealed to the Superior Court … [,] and on July 14, 2016, [the] Court remanded it back to the PCRA [c]ourt and granted [Robinson] leave to amend his PCRA [P]etition to include a claim that the imposition of a mandatory minimum sentence was unconstitutional.
>
> An Amended Petition for Relief was filed by Attorney Tobias. The Commonwealth responded, and[,] on November 8, 2016, [Robinson] was resentenced at the above[-]cited dockets ….
>
> [The trial court subsequently sentenced Robinson to an aggregate prison term of 1-2 years, followed by six years of probation.[2] Robinson filed no direct appeal of this sentence.]
>
> *        *        *
>
> On December 5, 201[7], [Robinson] filed a *pro se* Petition under the [PCRA]. Attorney Wendy Grella [("Attorney Grella")]

---

[1] Robinson's PCRA Petition and the PCRA court's Order involved two docket numbers. Our review discloses that Robinson properly filed two separate Notices of Appeal—one at each docket number. Thus, Robinson has complied with Pa.R.A.P. 341. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (mandating that, in cases where "a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.") (footnote omitted).

[2] The trial court subsequently was notified that it had provided duplicate time credit. On December 5, 2016, the trial court directed that the Department of Corrections calculate the appropriate time credit.

- 2 -

> was appointed to represent him. His *pro se* [P]etition indicate[d that] he requested [Attorney] Tobias to appeal the December 5, 2016 [sentence.] Based upon this, Attorney Grella requested that [Robinson's] appellate rights be reinstated[,] or that an evidentiary hearing be scheduled to determine the timeline of events.
>
> A hearing was scheduled for May 29, 2018. During the hearing, the bulk of the testimony related to the duplicate time credit question. The evidence tended to show that [Robinson] did not request that Attorney Tobias file an appeal in a timely manner.

PCRA Court Opinion, 12/19/18, at 1-2 (footnote added). The PCRA court subsequently denied Robinson's request for reinstatement of his appeal rights, *nunc pro tunc*, and his claim regarding time credit. Thereafter, Robinson filed timely Notices of Appeal. Robinson further complied with the PCRA court's Order to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Robinson presents the following claim for our review: "[Whether] the [PCRA] court erred in dismissing [Robinson's] PCRA Petition[,] as the trial court erred in amending its previous Order awarding time credit[?]" Brief for Appellant at 8 (some capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

In the Argument section of his brief, Robinson argues that the PCRA court improperly failed to reinstate his direct appeal rights, *nunc pro tunc*.

- 3 -

Brief for Appellant at 10. Robinson asserts that Attorney Tobias failed to file a requested appeal of his new sentence. *Id.*

Our review discloses that Robinson did not include this claim in his Pa.R.A.P. 1925(b) Concise Statement.[3] Generally, "issues not raised in a Rule 1925(b) statement will be deemed waived for review." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). Because Robinson failed to raise this claim in his Concise Statement, we deem it waived.[4] *See id.*

Robinson additionally claims that the trial court improperly changed its prior Order from awarding time credit, to allowing the Department of Corrections to calculate the appropriate time credit. *Id.* at 10-11. According to Robinson, "it was error for the trial court to change its original time credit [O]rder[,] whether duplicate time credit or not." *Id.* at 11.

In its Opinion, the PCRA court addressed this claim as follows:

The [Superior] Court[,] in *Commonwealth v. Ellsworth*[,] 97 A.3d 1255[, 1257 (Pa. Super. 2014),] held the following:

… [T]he duplicative imposition of credit for time served constituted a patent and obvious mistake that was amenable

---

[3] Robinson also failed to include this claim in his Statement of Questions Presented, as required by Pa.R.A.P. 2116(a). Rule 2116(a) provides, in relevant part, that "[n]o question will be considered unless it is stated in the statement of questions involved, or is fairly suggested thereby." Pa.R.A.P. 2116(a). Thus, we could deem Robinson's argument waived on this basis as well. *See id.*

[4] In its Opinion, the PCRA court opined, "[t]he evidence tended to show that [Robinson] did not request that Attorney Tobias file an appeal in a timely manner." PCRA Court Opinion, 12/19/18, at 2.

to correction. This Court has held that a defendant is not entitled to "receiv[e] credit against more than one sentence for the same time served." ***Commonwealth v. Merigris***, 452 Pa. Super. 78, 681 A.2d 194, 195 (Pa. Super. 1996). We have acknowledged that such "double credit" is prohibited both by the statutory language of [42 Pa.C.S.A. §] 9760[,][5] and by the principle that a defendant be given credit only for "time spent in custody … for a particular offense." ***Commonwealth v. Hollawell***, 413 Pa. Super. 42, 604 A.2d 723, 725 (Pa. Super. 1992). Finally, it is noteworthy that the Department of Corrections, an executive agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested with the sentencing court. ***Commonwealth v. Mann***, … 957 A.2d 746 (Pa. Super. 2008).

As the [Superior] Court recognized in ***Ellsworth***, a defendant receiving duplicate time credit is a patent and obvious mistake that is amenable to correction. Here, [Robinson] was not entitled to the time credit originally awarded because it was duplicative. [Robinson] was incarcerated on the above[-]cited charges[,] as well as a state parole detainer for unrelated charges from August 16, 2013[,] until his original sentencing date of May 1, 2014. The Pennsylvania Board of Probation and Parole has the discretion to utilize the time spent in custody pursuant to a detainer towards a back hit and max[-]out of [Robinson's] outstanding parole matters because he begins serving the sentences on the above-cited dockets. Thus, [the PCRA] court believes it was within its discretion not to award [Robinson] duplicate time credit, as it is barred by statute and case law.

_____

[5] Section 9760 provides, in relevant part, as follows:

If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(4).

PCRA Court Opinion, 12/19/18, at 3-4. We agree with the sound reasoning of the PCRA court, as set forth above, and affirm the Order of the PCRA court on this basis. *See id.*

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2019