J-S44009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DONALD BASTIAN | : | |
| | : | |
| Appellant | : | No. 650 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000039-2019

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 23, 2020**

Appellant, James Donald Bastian, appeals from the judgment of sentence of an aggregate term of 16 to 60 months' incarceration, imposed after he pled guilty to one count of theft by unlawful taking. Appellant solely challenges the court's refusal to award him credit for time served between March 12, 2019 and January 7, 2020. After careful review, we affirm.

Briefly, on March 12, 2019, Appellant was arraigned in the present case on charges of theft and related offenses, stemming from the April 24, 2018 theft of a Polaris Ranger All Terrain Vehicle in Sullivan County (hereinafter, "Sullivan County case"). Appellant was unable to post bail and, therefore, he remained incarcerated on those theft charges. At the same time, Appellant was also incarcerated on charges filed in several other counties, including drug and firearm charges that had been filed in Lycoming County, for which he had

been arrested on or about July 16, 2018 (hereinafter, "Lycoming County case").

Appellant ultimately pled guilty in the Sullivan County case to one count of theft by unlawful taking. On January 7, 2020, the court conducted Appellant's sentencing hearing. There, defense counsel argued that Appellant was entitled to credit for time-served from March 12, 2019, until the date of the sentencing hearing. The court denied that request, and sentenced Appellant as set forth *supra*. Appellant filed a timely post-sentence motion for reconsideration, which the court denied on January 13, 2020. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[1] Herein, Appellant states one issue for our review:

> Whether the [t]rial [c]ourt erred when it failed to give credit for time served to … Appellant when bail was set in the instant matter, not posted, and … Appellant was not serving any other sentences at the time of his sentencing?

Appellant's Brief at 5.

Preliminarily, we note that, "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence…." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super.

---

[1] We note that Appellant incorrectly stated in his notice of appeal that he is appealing from the order denying his post-sentence motion for reconsideration. "In a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted). We have corrected the caption accordingly.

2007).  Pertinent to the issue Appellant raises herein, the Sentencing Code states:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> ***
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

In this case, Appellant avers that he was entitled to credit for the time he served from his arraignment on March 12, 2019, through his sentencing hearing on January 7, 2020.  The trial court refused to apply credit for this time because, when Appellant's "charges and case in Sullivan County arose[,]" he had already been incarcerated on charges in the Lycoming County case. Trial Court Opinion, 4/13/20, at 4.

Under a plain reading of section 9760(4), we conclude that the court erred.  Appellant was arrested in the Lycoming County Case on or about July 16, 2018.  He was later prosecuted on his Sullivan County charges that grew out of an act that occurred on April 24, 2018 (prior to his arrest in the Lycoming County case).  Therefore, section 9760(4) directs that the trial court

- 3 -

should have afforded Appellant credit against his Sullivan County sentence "for all time spent in custody under the former charge[,]" *i.e.*, the charges in the Lycoming County case. Appellant was incarcerated on charges in both cases during the time for which he sought credit and, as of his January 7, 2020 sentencing in the Sullivan County case, that time had not been credited against any other sentence. Thus, the court should have afforded Appellant the time-credit he sought.

Notwithstanding this error, the illegality of Appellant's Sullivan County sentence was rectified when he was sentenced on February 19, 2020, in the Lycoming County case (docketed at CP-41-CR-1156-2018). The Commonwealth states (and our search of the public docket confirms) that in the Lycoming County case, Appellant received credit for 583 days of time served, which covers the time between March 12, 2019 and January 7, 2020. Therefore, the time Appellant seeks credit for in this Sullivan County case has been applied to his sentence in Lycoming County. He is not entitled to double-credit for that time served. **See Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa. Super. 1996) (interpreting section 9760(4) "as barring a defendant from receiving credit against more than one sentence for the same time served").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2020