J-A01031-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS BURNS, | : | |
| | : | |
| Appellant | : | No. 3187 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 24, 2019
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003536-2017
CP-09-CR-0007253-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS BURNS, | : | |
| | : | |
| Appellant | : | No. 3188 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 24, 2019
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003536-2017
CP-09-CR-0007253-2015

BEFORE:   BENDER, P.J.E., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 07, 2021**

Appellant, Thomas Burns, appeals from the judgment of sentence of 17 months and 25 days' incarceration, imposed after his terms of parole were revoked at informations 7253-2015 and 3536-2017. After careful review, we affirm.

*Retired Senior Judge assigned to the Superior Court.

The trial court provided the following procedural background:

On June 6, 2016, on information 7253-2015, Appellant pled guilty to public drunkenness,[1] resisting arrest,[2] and harassment.[3]  On Count 2, resisting arrest, Appellant was sentenced to twenty-four months [of probation].  Appellant's sentencing guidelines for Count 2 were as follows: restorative sanctions in the mitigated range, one to nine months in the standard range, and twelve months in the aggravated range.

_____
[1] 18 Pa.C.S. § 5505, ([summary]).

[2] 18 Pa.C.S. § 5104, ([second-degree misdemeanor]).

[3] 18 Pa.C.S. § 2709(a)(1), ([summary]).

On August 29, 2016, by agreement, Appellant was found in violation of probation.  Appellant's probation was revoked[,] and he was sentenced to undergo imprisonment for not less than four months to no more than twenty-three months[,] and given credit for time served from August 5, 2016.  Appellant was to be presumptively paroled after h[e] provided a verifiable and acceptable address.  Appellant was effectively paroled on December 5, 2016.

On December 16, 2016, a bench warrant was issued for Appellant for a probation violation of absconding.  On April 4, 2017, the bench warrant was rescinded.  Appellant was also found in violation of parole and his parole was revoked.  Appellant was sentenced to serve nineteen months and was presumptively paroled after serving 180 days misconduct free and providing a verifiable and acceptable[ address].

On April 6, 2018, Appellant was granted parole to a verifiable and acceptable address.

On March 8, 2019, th[e trial c]ourt held a **Gagnon I** hearing[,] and Appellant was to be released after his intensive outpatient treatment was verified.[1]  On April 1, 2019, Appellant was granted [released-on-own-recognizance] bail but not

_____
[1] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

released because he was unable to meet his condition of verifying outpatient treatment.

On information 3536-2017, Appellant was charged with escape.[4] On October 13, 2017, Appellant entered into a negotiated guilty plea. Sentencing was deferred for 30 days for a mental health evaluation. On March 9, 2018, Appellant was sentenced to imprisonment to no less than time served to no more than twenty-three months. The special condition imposed was that immediate parole would be granted when Appellant found a verifiable and acceptable address. Appellant's sentencing guideline[s] were as followed: nine months in the mitigated range, twelve to eighteen months in the standard range, and twenty-one months in the aggravated range.

_____
[4] 18 Pa.C.S. § 5121(a), ([third-degree felony]).

On February 12, 2019, th[e trial c]ourt issued a bench warrant for Appellant for absconding. On March 8, 2019, th[e c]ourt held a ***Gagnon I*** hearing[,] and Appellant was to be released after his intensive outpatient treatment was verified.

On August 14, 2019, a violation hearing was held[,] and Appellant was found in violation of parole on informations 7253-2015 and 3536-2017[,] and parole was revoked. Sentencing was deferred for 30 days[,] and Appellant remained in custody. Notes of testimony were not requested in this appeal but from th[e trial c]ourt's notes, sentencing was deferred because[,] on December 17, 2018, Appellant was charged with possession of drug paraphernalia [at information 0425-2019] and th[e c]ourt was waiting to see the disposition in that matter. … On September 16, 2019, Appellant pleaded guilty [at information 0425-2019] to two counts of disorderly conduct and sentenced to pay a fine.

On September 24, 2019, Appellant was sentenced to undergo imprisonment and to serve his back time of 7 months and 4 days on criminal information 7253-2015. [Appellant was given credit for time served and the trial court directed that his parole at that information be closed. N.T., 9/24/2019, at 11.] Appellant was also sentenced to undergo imprisonment and serve his back time of 10 months and 21 days on criminal information 3536-2017[, beginning on September 24, 2019].

Appellant could apply for parole after serving 120 days misconduct free.

On September 30, 2019, Appellant filed a petition for review of revocation, however, the Bucks County Office of the Clerk of Courts only clocked in the motion to indicate the date and time in which it was filed[,] and the motion was not ruled upon by th[e c]ourt.

Trial Court Opinion, 3/3/2020, at 1–3 (parenthetical numbers and headings omitted).

On October 21, 2019, Appellant *pro se* filed a single notice of appeal, listing both lower court docket numbers. The Bucks County Clerk of Courts docketed the notice of appeal to preserve the timeliness of the appeal[2] and notified Appellant on October 23, 2019, of several deficiencies, which rendered his notice incomplete. On November 4, 2019, Appellant corrected those deficiencies by *pro se* filing a second notice of appeal, again listing both lower court docket numbers.[3]

_____

[2] In the parole revocation context, the 30-day appeal period commences on the date the sentence is pronounced in open court. *See Commonwealth v. Duffy*, 143 A.3d 940, 944 (Pa. Super. 2016). Although Appellant timely filed a post-sentence motion on September 30, 2019, which the trial court did not rule upon, his notice of appeal was still due by October 24, 2019. *See* Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period.").

[3] In accordance with our Court's practice, this Court issued two orders on December 17, 2019, asking Appellant to show cause as to why his notices of appeal should not be quashed pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and Pa.R.A.P. 341(a). Appellant *pro se* filed several responses arguing the merits of his claim on appeal, as well as a petition for consolidation of the appeals. On January 3, 2020, this Court referred the *Walker* issue to the merits panel. On January 17, 2020, this Court granted
*(Footnote Continued Next Page)*

- 4 -

Thereafter, this Court remanded the matter to the trial court for 60 days to determine whether the Bucks County Public Defender's Office still represented Appellant and for the trial court to take further action, as required, to protect Appellant's right to appeal. In the meantime, Appellant was released on parole. The trial court held a hearing on January 28, 2020, which Appellant failed to attend. On January 29, 2020, the trial court issued an order, directing the public defender's office to continue representing Appellant and to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a counseled Rule 1925(b) statement, and the trial court filed a Rule 1925(a) opinion in response.

*(Footnote Continued)* ————————————

Appellant's request for consolidation, without prejudice for the merits panel to quash. The fact that Appellant *pro se* filed a notice of appeal bearing a caption with both trial court docket numbers does not necessarily in and of itself require quashal. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). However, the filing of a singular notice of appeal, when separate notices of appeal are required at each trial court docket number, may implicate non-compliance with ***Walker***.

Instantly, Appellant filed a single timely, but deficient, notice of appeal, which appears in the record for information 7253-2015, and a second, corrected notice of appeal, which appears in the record for 3536-2017. This Court has held that "fraud or breakdown in the trial court's processes" may excuse the otherwise untimely filing of an appeal and a party's failure to comply with ***Walker***. ***Commonwealth v. Khalil***, 806 A.2d 415, 420 (Pa. Super. 2002); ***see also Commonwealth v. Larkin***, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*). Here, Appellant was never advised of his right to appeal or his need to file two notices of appeal. ***See generally*** N.T., 9/24/2019. In fact, we observe that Appellant was acting *pro se* in the early stages of his appeal despite the public defender's office still being counsel of record, as discussed *infra*. Thus, we conclude a breakdown occurred such that we may overlook the defective nature of Appellant's notices of appeal and we shall proceed to address the merits of Appellant's appeal.

On appeal, Appellant presents a single issue for our review: "Did the trial court abuse its discretion by imposing an illegal sentence by sentencing Appellant, upon revocation, to serve his back time on the two underlying informations consecutive to each other. Originally the parole dockets were served concurrently." Appellant's Brief at 4 (unnecessary capitalization omitted). Although Appellant frames his question as a challenge to the discretionary aspects of his sentence and lists the corresponding standard of review in his brief, he is really challenging the legality of his sentence.

> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

*Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (citations omitted). "An assertion that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa. Super. 2009).

Here, Appellant does not challenge the decision to revoke, but rather the sentences imposed following the parole revocations. In support of his claim, Appellant cites a single case: *Commonwealth v. Sharpe*, 665 A.2d 1194 (Pa. Super. 1995). Relying on *Sharpe*, Appellant makes the following argument:

> That Appellant's initial sentences were to be served "concurrently" precluded the [c]ourt upon revocation of parole, to require that the sentences for the same offenses be served "consecutively" not only [*sic*] was the modification untimely … but it smacks of and implicates violations of the Double Jeopardy Clause[s] of both [the] United States and Pennsylvania Constitutions by enlarging the punishment imposed.

Appellant's Brief at 8–9 (ellipsis in original).[4]

Appellant's argument is misleading. We observe that in **Sharpe**, the defendant was originally sentenced at two informations to identical concurrent sentences of incarceration followed by probation on the same day as part of the same guilty plea hearing. **Sharpe**, 665 A.2d at 1195. Thus, this Court concluded that the trial "court imposed an illegal sentence when it directed that the punishment phase for each crime committed be served consecutively, instead of merely revoking parole and ordering the balance of the sentences be served 'concurrently.'" **Id.** at 1197. Contrarily, Appellant was originally sentenced at information 7253-2015 on June 6, 2016. His probation was revoked at that information on August 29, 2016, and his parole was revoked for the first time on April 4, 2017. Subsequently, on March 9, 2018, Appellant received his original sentence at information 3536-2017. Based on the record before us, at no point was the sentence imposed

---

[4] Appellant also argues that the trial court erred by relying on 42 Pa.C.S. § 9771, which governs probation revocations, in defending its sentence in its Rule 1925(a) opinion. **See** Appellant's Brief at 8. Although we agree that the trial court erred in its analysis, we are not bound by the rationale of the trial court and may affirm on any basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).

at information 7253-2015 set to run concurrently with the sentence imposed at information 3536-2017. Instead, what Appellant attempts to frame as a concurrent-turned-consecutive illegal sentence is really an attempt to receive double credit.

> This Court has held that a defendant is not entitled to "receive credit against more than one sentence for the same time served." ***Commonwealth v. Merigris****,* … 681 A.2d 194, 195 ([Pa. Super.] 1996). We have acknowledged that such "double credit" is prohibited both by the statutory language of [42 Pa.C.S. §] 9760 and by the principle that a defendant be given credit only for "time spent in custody ... for a particular offense." ***Commonwealth v. Hollawell****,* 604 A.2d … 723, 725 (Pa. Super. 1992).

***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (brackets in original omitted).

At the hearing on September 24, 2019, the trial court sentenced Appellant to serve his back time on both informations. He received credit for time served on information 7253-2015, and that parole was closed. Appellant was not entitled to receive double credit, so his back time for information 3536-2017 was set to begin on September 24, 2019. Thus, the trial court did not impose an illegal sentence upon revocation of Appellant's paroles by refusing to give him double credit. Based on the foregoing, we affirm Appellant's judgments of sentence.

Judgments of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2021*