J-A05012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
         :          PENNSYLVANIA
         :
         v.          :
         :
         :
DEIYO DIXON          :
         :
         Appellant          :    No. 610 EDA 2023

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007920-2017

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:              **FILED JUNE 20, 2024**

Appellant, Deiyo Dixon, appeals from the February 17, 2023 Order entered in the Philadelphia County Court of Common Pleas denying his Motion for Credit for Time Served ("motion for time credit") in which he sought credit for the period of incarceration between his arrest and sentencing. After careful review, we affirm.

**A.**

A detailed factual history is unnecessary to our disposition. The relevant procedural history is as follows. The Commonwealth arrested Appellant on May 31, 2017, and charged him with, *inter alia*, Possession of a Firearm by a Prohibited Person.[1] In July 2017, Appellant began serving a sentence of 6 to

_____

[1] 18 Pa.C.S. §§ 6105(a)(1).

12 years' incarceration on an unrelated case at docket number CP-51-CR-0011823-2014.[2]

On February 16, 2021, while still serving his incarceration sentence imposed in the unrelated case, Appellant proceeded to a stipulated bench trial in the present case. The same day, the court convicted him of Possession of a Firearm by a Prohibited Person[3] and sentenced him pursuant to the parties' joint recommendation to 3 to 6 years' incarceration with credit for time served, to run concurrently with his sentence at docket number 11823-2014. Specifically, the trial court stated

> I accept the recommended sentence [of] three to six years['] incarceration but giving you credit for all the time that you served. I'm going to run it concurrent, meaning at the same time with your other case as requested by your attorney[.]
>
> ****
>
> "[Y]ou get credit, credit for all the time you're serving. And it's going to run at the same time as your other case. So it won't be back-to-back. You won't get an extra hit for it, okay?

N.T. Sentencing, 2/16/21, at 22-23. The sentencing order stated that Appellant's time credit was "to be calculated by the Phila[delphia] Prison System" and the sentence was to commence that day. Sentencing Order, 2/16/21, at 1 (unpaginated).

_____

[2] The certified record does not include any documentation showing when the sentence at docket number 11823-2014 commenced. We instead glean this information from the Prison Sentencing Summary annexed to the Commonwealth's brief. **See** Commonwealth's Br, Ex. B.

[3] The Commonwealth *nolle prossed* all other charges.

On July 5, 2022, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA")[4] seeking reinstatement of his appeal rights *nunc pro tunc*. The court dismissed the PCRA petition and Appellant appealed. On December 8, 2022, this Court vacated the dismissal and remanded the case for reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[5]

On December 31, 2022, following remand, Appellant filed the motion for time credit. On February 17, 2023, after a hearing, the court reinstated Appellant's appeal rights *nunc pro tunc* and denied the motion for time credit.

This timely appeal followed.[6] Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises one issue for our review:

> Did the lower court err in denying [A]ppellant's motion to amend the sentencing Order to reflect time credit commencing 5/31/17, as [A]ppellant asserts this was the plain meaning of the agreement between the Commonwealth and the defense, as evidenced on the record at sentencing?

Appellant's Br. at 7.

**B.**

A claim that the trial court failed to award credit for time served is a challenge to the legality of a sentence, which is appealable as of right. ***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa. Super. 2017). A challenge to the legality of a sentence presents a question of law for which

---

[4] 42 Pa.C.S. §§ 9541-9546.

[5] ***Commonwealth v. Dixon***, 2706 EDA 2022 (Pa. Super. Dec. 8, 2022).

[6] Appellant appealed separately from the judgment of sentence. That appeal is before this Court at 608 EDA 2023.

"our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa. Super. 2019).

"A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." ***Commonwealth v. Infante***, 63 A.3d 358, 367 (Pa. Super. 2013) (citation omitted). The court shall award time credit as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> **\*\*\*\***
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge **that has not been credited against another sentence**.

42 Pa.C.S. § 9760(1), (4) (emphasis added). This court has interpreted 42 Pa.C.S. § 9760(4) as "barring a defendant from receiving credit against more than one sentence for the same time served." ***Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa. Super. 1996) (affirming denial of motion for time credit on state case because appellant received credit for same period of incarceration on his federal case).

- 4 -

*

In his motion for time credit, Appellant requested that the court amend the sentencing order to reflect that his sentence commenced the day he was arrested, not the day he was sentenced,[7] so that he could receive credit for the entire period of incarceration between his arrest and sentencing. Appellant's Br. at 17. He asserts that the record does not support the court's denial of the motion because the "plain meaning" of the parties' agreement, as well as what "actually transpired" at sentencing and what was explained to Appellant, indicated that he would receive credit for this period of incarceration. *Id.* at 17, 21-22. Finally, he notes that he did not receive any credit for time served on the present case. *Id.* at 22.

After careful review, we conclude that the record belies Appellant's argument. Nothing in the record indicates that the parties requested, or the trial court intended, to back-date his sentence to the date of his arrest. Rather, it indicates that the court sentenced him in accordance with parties' agreement to a concurrent sentence, *i.e.* a sentence that "won't be back-to-back" with his previous sentence, as the trial court stated at sentencing. N.T. Sentencing at 22-23. In other words, when the court ordered this sentence to run concurrently, it intended that Appellant would begin serving it the day

---

[7] Pursuant to Rule 705(B), which provides that, if the court imposes a sentence concurrently, "the sentence shall commence from the date of imposition unless otherwise ordered by the judge." Pa.R.Crim.P. 705(B).

it was imposed, which happened to be while he was serving his other sentence on the unrelated docket.

Furthermore, consistent with the agreement, the court ordered that Appellant would receive time credit, subject to the prison system's calculation. *Id.*; Sentencing Order at 1. The court "placed no limits or restrictions" on the amount of time credit Appellant could receive and, more importantly, did not order a "precise amount" of time credit. Trial Ct. Op., 4/26/23, at 6. Accordingly, Appellant's argument that his sentence did not comport with the recommendation and the parties' intent lacks merit.

Moreover, Appellant asserts that he did not receive any credit towards this sentence but fails to acknowledge that, during the period between his arrest and sentencing on this case, he was also serving another sentence on an unrelated case. Appellant's Br. at 22. Furthermore, he fails to address the statutory and case law establishing that he may not receive credit towards two sentences for the same period of incarceration. *See* 42 Pa.C.S. § 9760(4); *Merigris*, 681 A.2d at 195. Appellant's pre-sentence incarceration in this case overlapped almost entirely with his incarceration sentence on his other case and was presumably credited towards that sentence. Appellant is, thus, not entitled to time credit for this period toward this sentence because it was already credited toward his other sentence.[8]

_____

[8] If Appellant disagrees with the Department of Corrections' calculation of time credit, then he should file an action in the Commonwealth Court. *See*
*(Footnote Continued Next Page)*

We, thus, conclude that the trial court did not err in denying his motion for time credit. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024

_____

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (citation omitted) ("If the alleged error is thought to be the result of an erroneous computation of sentence by the [Department] of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [Department's] computation.").