J-S38018-19 & J-S38019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :         PENNSYLVANIA
                                     :
              v.                      :
                                     :
                                   :
PETER CAMERO                       :
                                   :
              Appellant      :  No. 3065 EDA 2018

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004520-2017

COMMONWEALTH OF           :  IN THE SUPERIOR COURT
PENNSYLVANIA              :  OF
                                   :         PENNSYLVANIA
                                   :
              v.                      :
                                   :
                                   :
PETER JOSEPH CAMERO, JR.     :
                                   :
              Appellant      No. 3066 EDA 2018

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Delaware County Criminal Division
at No(s):  CP-23-CR-0003300-2017


BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:         **FILED SEPTEMBER 25, 2019**

     In these consolidated appeals,[1] Appellant, Peter Camero, appeals from the Judgment of Sentence entered in the Delaware County Court of Common Pleas following the revocation of his parole and probation. With these appeals,

---

[1] We have consolidated these matters *sua sponte*.

---

\*   Retired Senior Judge assigned to the Superior Court.

Appellant's counsel has filed an Application to Withdraw as Counsel and an **Anders**[2] brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Application to Withdraw.

We glean the following factual and procedural history relevant to this appeal from the certified record. Appellant is a repeat offender who has violated the terms of his probation numerous times. The cases subject to this appeal, Docket Nos. CP-23-CR-0004520-2017 ("Docket No. 4520") and CP-23-CR-0003300-2017 ("Docket No. 3300"), both involve Possession of Marijuana for Personal Use and Theft from a Motor Vehicle.[3] The details are unnecessary for the disposition of this appeal.

After violating the terms of his probation in the instant cases, as well as the terms of his parole and probation in another case, Docket No. CP-23-CR-0005087-2017 ("Docket No. 5087"), Appellant was arrested and incarcerated pending a September 19, 2018 **Gagnon II**[4] hearing.

At the **Gagnon II** hearing, Appellant conceded that he violated the terms of his probation and parole. Thus, the trial court revoked Appellant's probation on Docket Nos. 3300 and 4520, and resentenced him to a new term of six to twelve months' imprisonment on each docket.

---

[2] **Anders v. California**, 386 U.S. 738 (1967).
[3] 35 P.S. § 780-113(a)(31) and 18 Pa.C.S. § 3934(a), respectively.

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

For Docket No. 5087, the court revoked Appellant's parole and resentenced him to the balance of the sentence previously imposed, and also revoked his probation and resentenced him to an additional term of imprisonment. Most importantly to this appeal, the trial court credited Appellant for time served for the charges in Docket No. 5087.

On September 26, 2018, Appellant filed a *pro se* Motion for Reconsideration of Sentence and *pro se* Notice of Appeal of each docket.[5] On October 17, 2018, Appellant filed a counseled Notice of Appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant's counsel has filed both an **Anders** Brief and an Application to Withdraw as Counsel. In response, Appellant filed a *Pro Se* Response. The **Anders** Brief and *Pro Se* Response raise the same issue: "[w]hether the court erred when it sentenced Appellant to prison without crediting him for the time he had already served on the case." **Anders** Br. at 3; **see** Appellant's *Pro Se* Response, filed 6/3/19.

As a preliminary matter, we address appellate counsel's Application to Withdraw as Counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an

---

[5] Appellant's appeal from the Judgment of Sentence at Docket No. 5087 is pending at No. 3067 EDA 2018.

- 3 -

appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Appellate counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, appellate counsel confirms that he sent Appellant a copy of the **Anders** Brief and Application to Withdraw as Counsel, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional issues he may deem worthy of merit. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because appellate counsel has satisfied the above requirements, it would generally be this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Anders**, 386 U.S. at 744; **Commonwealth v.**

***Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018). However, because Appellant filed a *Pro Se* Response to the ***Anders*** Brief, our independent review is limited to the issue raised in the ***Anders*** Brief and *Pro Se* Response. ***Commonwealth v. Bennett***, 124 A.3d 327, 333 (Pa. Super. 2015).

Appellant contends that the trial court failed to credit him for the time he was incarcerated awaiting his September 19, 2018 ***Gagnon II*** hearing, *i.e.*, from August 17, 2018 to September 19, 2018. ***Id.***; ***Anders*** Br. at 4; *Pro Se* Response. We disagree.

A challenge to the trial court's failure to award credit for time served prior to any type of sentencing is a challenge to the legality of a sentence. ***Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009). The question of whether a trial court imposed an illegal sentence is a question of law and, therefore, our review is *de novo*. ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013).

The Pennsylvania Sentencing Code provides that a trial court shall give a defendant credit for time spent incarcerated and states, in relevant part:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

A defendant is not entitled to duplicate credit for time served. ***Commonwealth v. Hollawell***, 604 A.2d 723, 726 (Pa. Super. 1992). Thus, a defendant may receive credit against only one sentence imposed for multiple convictions on separate charges. ***Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa. Super. 1996). To allow credit to be applied to multiple sentences would create a windfall, giving a defendant a "volume discount." ***Id.***

Here, the court credited Appellant's period of incarceration to his sentence at Docket No. 5087. Certificate of Imposition of Judgment of Sentence, Docket No. 5087, dated 10/18/17; N.T. Hearing, 9/19/18, at 14-15. Because Appellant received credit for the time he spent incarcerated to the charges in Docket No. 5087, he is not entitled to receive credit for the charges in Docket Nos. 3300 and 4520. ***Merigris***, 681 A.2d at 195; ***Hollawell***, 604 A.2d at 726. Thus, this issue has no merit.

We, therefore, conclude that neither Appellant's counsel nor Appellant have identified any non-frivolous issues for us to address on appeal. Accordingly, we affirm Appellant's Judgment of Sentence and grant appellate counsel's Application to Withdraw as Counsel.

Judgment of Sentence affirmed. Appellate counsel's Application to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/19