J-S34018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :

           v.                   :
                             :
                             :

ERIC JAMES ECK               :
                             :

          Appellant      :    No. 1810 MDA 2019

Appeal from the Judgment of Sentence Entered July 19, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0002093-2013

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:        **FILED SEPTEMBER 22, 2020**

Appellant, Eric James Eck, appeals *nunc pro tunc* from the judgment of sentence of four to ten years' incarceration, imposed after his previous sentence of six years' probation for his conviction of conspiracy to commit criminal trespass was revoked, due to his being charged with new criminal offenses.  Herein, Appellant challenges the discretionary aspects and legality of his sentence.  After careful review, we affirm.

The trial court provided a brief summary of the facts of Appellant's case, as follows:

> Appellant conspired with another individual to break into a residence located at 426 Pearson Avenue in Loyalsock Township, Lycoming County, Pennsylvania.  On November 13, 2013[,] at approximately 9:50 p.m., Appellant drove [his] co-conspirator to the residence.  The co-conspirator broke the glass in the back door of the residence with a crow bar, unlocked the door, entered the residence, and turned on his flashlight.  The residence was occupied by a 91-year[-]old woman[,] who was lying in a hospital bed, breathing with the assistance of oxygen.  Appellant and his

co-conspirator were apprehended by members of the Pennsylvania State Police, who were conducting surveillance due to numerous burglaries that had occurred in the area in the previous weeks.

Trial Court Opinion (TCO), 12/7/18, at 3.

Based on these facts,

Appellant was charged with conspiracy to commit burglary of an occupied structure, a felony of the first degree, and conspiracy to commit criminal trespass, a felony of the second degree. On June 28, 2016, Appellant pled guilty to the charges; however, his sentencing was deferred due to his cooperation in the prosecution of his co-conspirator.

On September 13, 2017, the parties agreed to the withdrawal and dismissal of Count 1, burglary. On Count 2, conspiracy to commit trespass, Appellant was sentenced to six years' probation consecutive to a sentence of state incarceration in a separate case that would have Appellant under parole supervision into the year 2020.[1]

[1] *See* CP-41-CR-0000909-2011.

On March 14, 2018, Appellant was before the court for a preliminary probation violation (***Gagnon I***[1]) hearing[,] at which the court found probable cause that Appellant violated the conditions of his probation by absconding from supervision and by committing two … new criminal [offenses that led to] charges [of] … receiving stolen property and possession with intent to deliver a controlled substance.

On July 19, 2018, the court held a final violation (***Gagnon II***) hearing. The court found that Appellant violated his probation by absconding from supervision and by committing [these] new crimes. The court revoked Appellant's probation and resentenced Appellant to four to ten years' incarceration in a state correctional institution[,] consecutive to any and all sentences he was presently serving.

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

TCO at 1-2.  Notably, in the sentencing order, the court stated: "The defendant is RRRI[2] eligible and the RRRI minimum is forty (40) months."  Sentencing Order, 7/19/18, at 1.  However, the very next sentence of the order declared, "The defendant is not RRRI eligible."  ***Id.***

Appellant did not file a post-sentence motion.  While he timely filed a notice of appeal, that appeal was ultimately dismissed by this Court based on Appellant's failure to file a brief.  Thereafter, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his appeal rights.  The PCRA court granted Appellant's petition on September 19, 2019, permitting him to file a *nunc pro tunc* post-sentence motion and a direct appeal.

On September 26, 2019, Appellant filed a motion for modification of his sentence.  Therein, he challenged the discretionary aspects of his sentence, claiming that "[t]he court failed to give meaningful consideration to the sentencing factors, positive rehabilitative steps that [Appellant] had taken, or additional incarceration that he had already received for the offenses [that] constituted violations of probation."  Motion to Modify Sentence, 9/26/19, at 2. Appellant also challenged the inconsistency in the court's sentencing order regarding his eligibility for the RRRI program, and he also alleged that he was entitled to credit for time served.  ***See id.***

---

2 Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S. §§ 4501-4512.

- 3 -

On October 17, 2019, the court conducted a hearing on Appellant's post-sentence motion. The following day, it issued an order and opinion denying Appellant's motion for modification of his sentence. That same day, the court entered an amended sentencing order correcting the "patent and obvious error in its July 19, 2018 sentencing order by striking the sentence, 'The defendant is RRRI eligible and the RRRI minimum is forty (40) months.'" Amended Order, 10/18/19, at 1. The court explained that Appellant,

> has received multiple[,] previous RRRI minimum sentences. The Commonwealth has not approved a[n] RRRI minimum in this case, and the court does not believe that a[n] RRRI minimum is appropriate under the facts and circumstances of this case. ***See*** 61 Pa.C.S. § 4505(c)(3). Accordingly, [Appellant] is not eligible for RRRI.

***Id.***

Appellant filed a *nunc pro tunc* notice of appeal on November 4, 2019. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on January 13, 2020. Herein, Appellant states three issues for our review:

> 1. Did the sentencing court fail to give meaningful consideration to the sentencing factors, positive rehabilitative steps taken by Appellant, and additional incarceration he received for the same conduct, thereby resulting in an excessive and unreasonable sentence under the circumstances?
>
> 2. Did the [c]ourt err in holding that Appellant is not an eligible offender for a[n] RRRI sentence under 61 Pa.C.S.[] § 4503 when the Commonwealth never objected on the record to a[n] RRRI sentence?

3. Did the sentencing court err in denying [Appellant] credit for time served?

Appellant's Brief at 4.

In Appellant's first issue, he claims that his sentence is unduly harsh because the court failed to properly weigh certain mitigating circumstances in his case, such as his cooperation in the prosecution of his co-conspirator and his efforts at rehabilitation. This claim implicates the discretionary aspects of Appellant's sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant filed a timely notice of appeal after his appellate rights were reinstated, and he preserved his arguments in his *nunc pro tunc* post-sentence motion.[3]  Additionally, Appellant has included a Rule 2119(f) statement in his appellate brief, asserting that the court imposed a manifestly excessive sentence because it did not consider the mitigating factors of his cooperation and efforts at rehabilitation.  "An allegation that the sentencing court failed to consider certain mitigating factors generally does not … raise a substantial question."  ***Moury***, 992 A.2d at 171 (citations omitted).

Nevertheless, even if Appellant's challenge did constitute a substantial question for our review, we would deem it meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

---

[3]  The Commonwealth claims that Appellant failed to preserve his discretionary-aspects-of-sentencing arguments in his post-sentence motion. Based on the language of Appellant's motion to modify his sentence, set forth above, we disagree.  Appellant sufficiently raised his claims in that motion and, therefore, they are preserved for our review.

In the court's December 7, 2018 opinion, it provided a lengthy discussion of its sentencing decision, which unequivocally demonstrates that it considered the mitigating factors cited by Appellant. The court explained:

Appellant's prior record score was a four and the offense gravity score for conspiracy to commit criminal trespass also was a four, which resulted in a standard[,] minimum guideline range of 6-16 months and a mitigated guideline range of 3-6 months. Despite the fact that Appellant committed this crime while he was on supervision under the Intermediate Punishment Program for conspiracy to commit forgery in case [CP-41-]CR-[0000]909-2011, which could be considered an aggravating factor, the plea agreement negotiated by the parties was accepted and Appellant was sentenced to six years' probation. The court noted that the sentence was below the standard range[,] but it was negotiated between the parties and was appropriate based on Appellant's total time of incarceration previously, his cooperation in the prosecution of his co-conspirator, and the fact that Appellant admitted himself into the Teen Challenge program.

Unfortunately, Appellant did not take advantage of this lenient sentence. Appellant continued to use controlled substances. Appellant asked to go to the Teen Challenge program again, rather than be sentenced to incarceration in this case. Appellant, however, had been sent to numerous rehabilitation programs, but nothing worked; he kept using controlled substances.

Appellant resumed using controlled substances shortly after he was paroled from state prison on April 18, 2017. He tested positive for heroin and cocaine in June 2017[,] and was sent to Colonial House in York, Pennsylvania. In July 2017, he tested positive for cocaine and was sent to outpatient rehabilitation. In August 2017, he failed to attend Safe Haven Outpatient and again tested positive for cocaine. Appellant was supposed to appear for sentencing in this case on August 21, 2017, but he failed to appear and a bench warrant was issued. On August 29, 2017, Appellant admitted himself to Teen Challenge.

On September 13, 2017, Appellant was [originally] sentenced in this case. On October 26, 2017, he was kicked out of a recovery house. In November 2017, he failed to attend a

Drug and Alcohol appointment. He was placed on a GPS unit and continued in treatment. On December 15, 2017, a bench warrant was issued because Appellant absconded from supervision.

Appellant also continued to commit crimes. On October 24, 2017, he received stolen property in York County, and he was charged with that offense on November 6, 2017, *see* CP-67-CR-[000]7826-2017. On January 3, 2018, he was arrested for possession with intent to deliver a controlled substance in York County, *see* CP-67-CR-0000532-2018.

Appellant's counsel noted that Appellant assisted in the prosecution of his co[-]conspirator and another individual, he received a lot of certificates for programs that he completed in state prison, he helped others in state prison, and he completed a four month therapeutic program at Gaudenzia in 2015. The court considered this information but found that such did not justify a lesser sentence in this case.

Appellant cooperated in the prosecution of other individuals to obtain the best deal possible for himself. He was credited with his assistance when he received his original probationary sentence. Appellant, however, failed to uphold his end of the bargain when he failed or refused to abide by the conditions of his supervision. Furthermore, his probation was not revoked for mere technical violations, but rather for two new criminal convictions[,] as well as absconding from supervision.

Appellant completed programs in state prison so that he could be paroled. Apparently, he did not learn anything from those programs or from his various drug rehabilitation programs because soon after he was released, he went back to using controlled substances. He also committed two new crimes within the first four months after he was sentenced to probation in this case. Despite certificates from prison programs and numerous rehabilitation programs, nothing worked.

Appellant was not facing a lengthy period of incarceration on his new charges[,] as they resulted in one to two years' state incarceration and a period of consecutive probation. Although he was also facing a state parole revocation, he had not received his "green sheet" indicating the length of his parole "set back." Moreover, Appellant was not entitled to a volume discount for his crimes. This case was a separate incident which, given Appellant's abysmal supervision history during the time he was on probation, deserved a separate and significant period of incarceration.

- 8 -

The court considered everything that Appellant had done and his rehabilitative needs, but resources are limited. Appellant had numerous opportunities at rehabilitation, but nothing worked. When Appellant decided to continue to commit crimes, he took the risk that his actions would result in state incarceration. After all the breaks and resources that Appellant ha[s] squandered, the focus of the court was on the protection of the community. Every previous time that Appellant was released to the community, he fell back into a life of drugs and crime. Therefore, to protect the public, the court imposed a sentence that would ensure that Appellant would not be released into the community for a significant period of time. *See* [N.T.] Sentencing…, [7/19/18,] at 21-24.

As the Pennsylvania Supreme Court noted in *Commonwealth v. Pasture*[, 107 A.3d 21 (Pa. 2014)]:

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

[*Id.* at] 28…. Appellant received a lenient sentence but quickly failed to adhere to the conditions imposed on him. The court reviewed the circumstances of the probation violations and Appellant's supervision history on the record. It considered the information provided, and arguments made by, Appellant's counsel; it simply did not accord them much weight. It was not an abuse of discretion to do so.

[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will…. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or

such lack of support so as to be clearly erroneous…. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (quoting *Commonwealth v. Walls*, … 926 A.2d 957, 961 ([Pa.] 2007)(internal citations omitted)).  The court based its decision on the particular circumstances of this case and not on any partiality, prejudice, bias, or ill-will against Appellant.

Finally, "[t]he sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding….  [I]t is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence."  *Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (quoting *Pasture*, 107 A.3d at 27).  A[t a] VOP sentencing hearing[,] additional factors and concerns are at issue.  Those include the defendant's time spent on probation and whether the sentence imposed is essential to vindicate the authority of the court, or the defendant's conduct indicates that it is likely that he will commit another crime if he is not imprisoned, or if the defendant was convicted of another crime.  42 Pa.C.S. § 9771(c); *Derry*, 150 A.3d at 994.  The court considered all of these factors in imposing its sentence.

TCO at 3-7.

The court's comprehensive discussion convinces us that it considered the mitigating factors now raised by Appellant.  The court did not abuse its discretion by giving those factors little weight, given Appellant's history of

drug use and criminal activity, and his squandering the multiple rehabilitative opportunities provided to him. Thus, Appellant's first issue is meritless.[4]

Next, Appellant avers that the court erred by deeming him ineligible for the RRRI program.

> A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. **Commonwealth v. Tobin**, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose a[n] RRRI minimum on an eligible offender." **Id.** Thus, as "statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Gerald**, 47 A.3d 858, 859 (Pa. Super. 2012) (citation omitted).

**Commonwealth v. Finnecy**, 135 A.3d 1028, 1033 (Pa. Super. 2016).

At the sentencing hearing in this case, there was no discussion of Appellant's RRRI eligibility until the very end of the proceeding, when defense counsel simply stated, "Judge, one last thing, he is RRRI eligible." N.T. Sentencing, 7/19/18, at 24. Immediately thereafter, the proceeding concluded and, as discussed *supra*, the court's written sentencing order inconsistently stated that Appellant was **not** RRRI eligible, yet also imposed an RRRI minimum sentence. At the hearing on Appellant's post-sentence motion challenging that inconsistency, the court indicated that it was not applying an RRRI minimum sentence because Appellant was not an eligible

---

[4] We note that Appellant briefly asserts that the court erred by imposing his sentence in this case to run consecutively to any other term of incarceration that he is serving in unrelated cases. **See** Appellant's Brief at 12. Appellant did not state this claim in his Rule 2119(f) statement, thus failing to establish that it constitutes a substantial question for our review. In any event, we would discern no merit to this claim for the reasons set forth by the court in the above-quoted portion of its opinion.

offender based on his prior conviction for accidents involving death or personal injury while not properly licensed under 75 Pa.C.S. § 3742.1. **See** N.T. Hearing, 10/17/19, at 5.

However, in the court's subsequent written order and opinion denying Appellant's post-sentence motion, it acknowledged that Appellant's prior conviction under section 3742.1 was not a delineated offense rendering him ineligible for the RRRI program. Specifically, the court explained:

> To be entitled to a[n RRRI] … minimum, a defendant must meet the definition of an "eligible offender" which includes the requirement that the defendant or inmate has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined in 18 P[a.C].S. § 11.103. 61 Pa.C.S.[] § 4503. A "personal injury crime" includes any "act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following: 75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury). 18 P[a.C].S. § 11.103. On or about March 17, 2000, [Appellant] was convicted of … accidents involving death or personal injury while not properly licensed in violation of 75 Pa.C.S. § 3742.1. **See** CP-41-CR-000[]1828-1999.[3] Despite the fact that a violation of section 3742.1 involves death or personal injury, it is not listed as a "personal injury crime" in 18 P[a.C].S. § 11.103.
>
> [3] The docket sheet incorrectly lists this offense as a violation of 75 Pa.C.S. § 3742. However, both the [i]nformation and the criminal complaint list this offense as a violation of 75 Pa.C.S. § 3742.1.

Trial Court Opinion, 10/18/19, at 1-2.

Nevertheless, the court decided not to impose an RRRI term under the discretion afforded by section 4505(c)(3). **See id.** at 2. That provision states:

> **(c) Recidivism risk reduction incentive minimum sentence.--**If the court determines that the defendant is an

eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall provide notice of eligibility to the defendant and enter a sentencing order that does all of the following:

\*\*\*

(3) Notwithstanding paragraph (2) [(pertaining to the imposition and calculation of an RRRI minimum for an eligible defendant)], if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court may, in its discretion, with the approval of the prosecuting attorney, impose the recidivism risk reduction incentive minimum sentence as provided for in paragraph (2).

61 Pa.C.S. § 4505(c)(3).

Here, the court found — and Appellant does not dispute — that he was previously sentenced to two or more RRRI minimum terms. **See** Trial Court Opinion, 10/18/19, at 2. Thus, the trial court discerned that, under section 4505(c)(3), it had the discretion to impose, or refuse to impose, an RRRI minimum sentence in the present case. If it did deem Appellant RRRI eligible, the Commonwealth would be required to approve that decision. The court ultimately decided **not** to apply an RRRI minimum, concluding that the "facts and circumstances" of Appellant's case did not warrant that sentence. **Id.** The court also observed that the Commonwealth had not approved the imposition of an RRRI sentence. **Id.**

On appeal, Appellant does not challenge the court's interpretation or application of section 4505(c)(3). Instead, the main thrust of his argument is that the Commonwealth essentially approved the imposition of an RRRI minimum sentence because it did not object to the same. **See** Appellant's

Brief at 13. However, we agree with the Commonwealth that "no approval of the Commonwealth was necessary[,]" as the court "chose not to make … Appellant [RRRI] eligible." Commonwealth's Brief at 12.

In regard to whether the court abused its discretion by declining to impose an RRRI minimum term, Appellant provides only the following, single sentence challenge: "Given the overall length of the sentence, [Appellant's] history of completing programming within the correctional facility, and his need for substance abuse treatment, it was error to deny him placement in the RRRI program." Appellant's Brief at 13. Appellant's cursory argument, which is not supported by any legal authority, fails to demonstrate an abuse of discretion by the trial court. As the court made clear in its lengthy discussion of its sentencing decision, *supra*, Appellant has been given multiple opportunities to rehabilitate his drug addiction issues, yet he has continuously returned to a life of crime and drug use when not incarcerated. Thus, the court determined that a lengthy sentence, with no RRRI eligibility, was warranted. We discern no abuse of discretion in the court's decision.

In Appellant's final issue, he contends that the court did not give him appropriate credit for time served. "A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." ***Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009) (citations omitted).

Appellant's entire argument in support of his time-credit claim is as follows:

In this case, the time that Appellant … is seeking credit for [was] time served from November 15, 2013, through April 21[], 2014. He was incarcerated in lieu of bail in this case, but ultimately received a sentence of probation, so that time was not credited to this matter. The court declined to provide such credit, a violation of the sentencing code[, 42 Pa.C.S. § 9760(1).[5]].

Furthermore, the court abused its discretion by refusing to grant credit for time spent since the date of the probation violation sentencing in this matter. While [Appellant] is serving a sentence for an offense in another county, that sentence was the primary reason he faced a probation violation in this case, and the consecutive service of these sentences led to an excessively harsh result[,] as discussed above. The grant of credit for time served since the time of resentencing would temper the unduly harsh impact of consecutive sentences for the offense and the probation violation resulting therefrom.

Appellant's Brief at 14.

In rejecting Appellant's time-credit argument, the trial court explained:

When [Appellant's] Intermediate Punishment sentence was revoked on February 12, 2015[,] under docket number CP-41-CR-0000909-2011, [Appellant] received credit for November 15, 2013 to April 21, 2014, along with several other times periods. A copy of the order is attached to this Opinion as Exhibit 1. [Appellant] is not entitled to duplicate credit. ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014);

---

[5] That provision states:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

> ***Commonwealth v. Merigris***, … 681 A.2d 194, 195 ([Pa. Super.] 1996).
>
> As a result of convictions in York County,[2] [Appellant's] parole in case CP-41-CR-0000909-2011 was revoked and he was ordered to serve a total of 2 years of back time. ***See*** N.T. [Sentencing] … at 5-6. Additionally, on April 11, 2018, [Appellant] was sentenced to serve one to two years' incarceration in a state correctional institution for a drug offense in York County. ***See*** CP-67-CR-0000532-2018. The sentence imposed on July 19, 2018[,] in [Appellant's] current case (CR-2093-2013) was ordered to be served consecutively to any sentence [Appellant] was presently serving. As a result, [Appellant] is not entitled to any credit in this case and he cannot begin to serve the sentence in this case until after he serves his parole back time and at least his minimum sentence for his York County case.
>
> > [2] ***See*** CP-67-CR-0000532-2018 and CP-67-CR-0007826-2017.

Trial Court Opinion, 10/18/19, at 2-3.

The record supports the court's decision that Appellant was given credit for time served from November 15, 2013, to April 21, 2014, in the case docketed at CP-41-CR-0000909-2011. ***See id.*** at Exhibit 1. Additionally, we reject Appellant's argument that, to balance out the 'unduly harsh' sentence imposed in this case, he should be afforded double credit for the time he served on his new criminal charges that resulted in the present probation revocation and resentencing.

> This Court has held that a defendant is not entitled to "receiv[e] credit against more than one sentence for the same time served." … ***Merigris,*** … 681 A.2d [at] 195…. We have acknowledged that such "double credit" is prohibited both by the statutory language of Section 9760 and by the principle that a defendant be given credit only for "time spent in custody ... for a particular offense."

- 16 -

***Ellsworth***, 97 A.3d at 1257. Accordingly, Appellant's third issue does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2020